## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LISA P.,

       Plaintiff,

   v.

KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,

       Defendant.

Civil Action
No. 21-20662 (CPO)

**OPINION**

**Appearances:**

Lauren S. Tovinsky
JACOBS SCHWABLE & PETRUZELLI PC
10 Melrose Avenue
Suite 340
Cherry Hill, NJ 08003

   *On behalf of Plaintiff Lisa P.*

David Leach
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
6401 Security Blvd.
Baltimore, MD 21235

   *On behalf of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.*

O'HEARN, District Judge.

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff Lisa P.'s[1] appeal from a denial of Social Security disability benefits by the Acting Commissioner of Social Security ("Defendant"). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, the Court vacates the Acting Commissioner's final decision and remands this matter for proceedings consistent with this Opinion.

## II.     BACKGROUND

The Court will briefly discuss the administrative and procedural history as it is relevant to this appeal but the following is not intended to be a comprehensive recitation.

### A.     Administrative and Procedural History

On February 24, 2017, claimant protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning September 23, 2016. (AR 15). Plaintiff's claim was denied on May 22, 2017 and again on reconsideration on September 2, 2017. (AR 15). Plaintiff testified at a hearing on April 15, 2019. (AR 669). On June 5, 2019, the Administrative Law Judge ("ALJ") issued a decision finding Plaintiff was not disabled under the Social Security Act. (AR 15). Plaintiff's Request for Review by the Appeals Council was granted and the matter was remanded. (AR 14). Plaintiff testified at a second hearing on November 23, 2020, this time by telephone due to the Coronavirus Disease 2019 (COVID-19) Pandemic. (AR 15). On April 23, 2021, the ALJ issued a decision finding Plaintiff was not disabled under the Social Security Act. (AR 15–35). Plaintiff's Request for Review by the Appeals Council of the

---

[1] Pursuant to this Court's Standing Order 2021-10, this Opinion will refer to Plaintiff solely by first name and last initial.

April 23, 2021 decision was denied. (AR 1–6). Plaintiff initiated this appeal on December 22, 2021. (ECF No. 1).

### B.   Vocational Expert Testimony

Vocational Expert ("VE") Christina Boardman testified at the hearing on November 23, 2020. (AR 74). The ALJ presented her with a hypothetical individual of Plaintiff's age, education, and work experience with a Residual Functional Capacity ("RFC") of sedentary work except frequent pushing and pulling with the upper extremities; occasional climbing, balancing, stooping, kneeling, crouching, and crawling; frequent reaching in all directions; frequent handling, fingering, and feeling; and frequent exposure to hazards, such as unprotected heights and moving machinery. (AR 75). The ALJ also posed that the hypothetical individual could perform unskilled work involving routine and repetitive tasks with occasional changes in the work setting; no quota or production-based work, but rather goal-oriented work; and occasional interaction with coworkers, supervisors, and members of the public. (AR 75). The VE first opined that the hypothetical individual could not perform Plaintiff's past work. (AR 75). At the ALJ's request, she then provided three representative jobs that Plaintiff could perform:  Table worker, sedentary with an SVP of 2; Stuffer, sedentary with an SVP of 2; and Title addresser, sedentary with an SVP of 2. (AR 75–76). The VE confirmed that her testimony that the hypothetical individual could perform these jobs was consistent with the DOT. (AR 76).

Plaintiff's counsel was given the opportunity to cross examine the VE and asked the following question:

> Q   Okay. And if I were to ask you to assume that the claimant was incapable of having interaction with supervisors and coworkers for up to two thirds of the workday, would that . . . preclude work activity at all levels?
>
> A   Yes, it would.

(AR 77–78). Counsel concluded cross examination immediately after that question and no further questions were asked of the VE. (AR 78). There were no objections to the VE's qualifications or testimony at the hearing. (AR 74).

### C.    The ALJ's Decision

The ALJ's five-step sequential analysis concluded with a finding that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 35); *see* C.F.R. § 404.1520. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of September 23, 2016. (AR 17). At Step Two, the ALJ found degenerative disc disease, degenerative joint disease, osteoarthritis, radiculopathy, fibromyalgia, small fiber neuropathy, chronic pain syndrome, generalized anxiety disorder, and major depressive disorder to be severe impairments. (AR 18).

At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed at 20 C.F.R. Part 404, subpart P, Appendix 1. (AR 18–19). Before proceeding to Step Four, the ALJ determined that Plaintiff retained the RFC to perform

> sedentary work as defined in 20 CFR 404.1567(a) except frequent pushing and pulling with the upper extremities; occasional climbing, balancing, stooping, kneeling, crouching, and crawling; frequent reaching in all directions; frequent handling, fingering, and feeling; and frequent exposure to hazards, such as unprotected heights and moving machinery. The claimant could perform unskilled work involving routine and repetitive tasks with occasional changes in the work setting; no quota or production based work, but rather goal-oriented work; and occasional interaction with coworkers, supervisors, and members of the public.

(AR 24). Based on the testimony of the VE, the ALJ found that Plaintiff could perform work in the national economy as a Table worker, Stuffer, or Addresser. (AR 34–35). Thus, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (AR 35).

### III.   **LEGAL STANDARD**

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by "substantial evidence." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Cons. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal quotations omitted); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf v. Callahan*, 972 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in

which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner of the Social Security Administration has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" If he is, he is not disabled. Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" If the claimant lacks such an impairment, he is not disabled. If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" If the claimant's impairments do, he is disabled. If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." A claimant's "[RFC] is the most [he] can still do despite [his] limitations." If the claimant can perform his past relevant work despite his limitations, he is not disabled. If he cannot, the ALJ moves on to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience[.]" That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." If the claimant can make an adjustment to other work, he is not disabled. If he cannot, he is disabled.

*Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019) (alterations in original, citations and footnote omitted).

## IV.   <u>DISCUSSION</u>

Plaintiff challenges the ALJ's findings at Step Five. Specifically, she alleges that the ALJ failed to resolve an inconsistency in the VE's testimony as required by SSR 00–4p. (Pla. Br., ECF

No. 7 at 13–16). The Court agrees and finds that the ALJ's failure to resolve the inconsistency makes review impracticable and remand warranted.

SSR 00–4p provides that

before relying on VE or VS evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), . . . and [e]xplain in the determination or decision how any conflict that has been identified was resolved.

2000 WL 1898704.

Here, the ALJ determined that Plaintiff retained the RFC to perform occasional interaction with coworkers, supervisors, and members of the public and posited the same to the VE when inquiring as to what work in the national economy Plaintiff could perform. (AR 24, 75). Social Security regulations define "occasionally" as "occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96-9p. The VE presented three representative jobs that Plaintiff could perform with the requisite RFC. (AR 76). The VE confirmed that this testimony was consistent with the DOT. (AR 76).

On cross-examination, however, Plaintiff's counsel posed a question presenting the inverse of Plaintiff's "occasional interaction" limitation:

Q       Okay. And if I were to ask you to assume that the claimant was incapable of having interaction with supervisors and coworkers for up to two thirds of the workday, would that . . . preclude work activity at all levels?

A       Yes, it would.

(AR 77–78). And herein lies the obvious conflict. The VE initially testified that Plaintiff could perform work that limited her to occasional interactions with others—up to one third of the time interacting with others—but subsequently testified on cross that Plaintiff could *not*. In other words, the hypothetical posed by the ALJ and the question asked by Plaintiff's attorney on cross-examination are in fact the same: the ALJ asked if Plaintiff could interact with others one third of

the time (implying that she could not for two thirds of the time) and counsel asked if Plaintiff could not interact with others for two thirds of the time (implying that she could for one third of the time). The VE provided different answers to essentially the same question. Thus, the VE's testimony on cross-examination plainly conflicts with the immediate preceding testimony, and—assuming the prior testimony was in fact consistent with the DOT as the VE testified that it was—the VE's testimony on cross-examination also appears to be inconsistent with the DOT and falls squarely within the purview of SSR 00–4p. *See Daniel W. v. Kijakazi*, No. 21-27005, 2022 WL 1639009, at *5 (D.N.J. May 24, 2022) (remanding where the VE's testimony was contradictory because "the expert first testified that jobs were available to a hypothetical individual who could interact with supervisors one-third of the day, but then testified that a hypothetical individual who would be unable to interact with supervisors two-thirds of the day could not work").

The question then becomes "whether the ALJ (1) elicit[ed] a reasonable explanation for this inconsistency and (2) explained in his decision how the conflict was resolved." *Zirnsak v. Colvin*, 777 F.3d 607, 619 (3d Cir. 2014) (internal quotations omitted) (citing *Burns v. Barnhart*, 312 F.3d 113, 127 (3d Cir. 2002)). Here, the ALJ did not address the conflict at all, let alone elicit a reasonable explanation for it. Nor is the ALJ's decision otherwise supported by substantial evidence such that she need not explain the inconsistency. *See Rutherford v. Barnhart*, 399 F.3d 546, 558 (3d Cir. 2005) ("The presence of inconsistencies is permissible if the ALJ's decision is otherwise supported by substantial evidence."). Each of the jobs identified require occasional interaction with others and—if the latter of the VE's testimony is accurate—Plaintiff could be found unable to perform any of them.

Defendant argues the inconsistency is harmless, contending "courts repeatedly have upheld step-five findings premised where an ALJ has limited a claimant to occasional interactions with coworkers or supervisors." (Def. Br., ECF No. 8 at 26–27) (citing *Torres v. Comm'r of Soc. Sec.*,

No. 14-6178, 2015 WL 8328346, at *7 (D.N.J. Dec. 8, 2015) (collecting cases)). The "harmless error" doctrine provides that errors which have no effect on the ALJ's ultimate decision do not warrant remand. *See Jackson v. Barnhart*, 120 F. App'x 904, 906 (3d. Cir. 2005) (citing *Boone v. Barnhart*, 353 F.3d 203, 209 (3d Cir. 2003)) (finding where the ALJ's error "is harmless, [the] court will not reverse the ALJ's decision."). Courts have cautioned the use of the harmless error doctrine in the context of social security appeals and apply it only in extraordinary cases. *Mary L. v. Kijakazi*, No. 20-14158, 2022 WL 1058370, at *9 (D.N.J. Apr. 8, 2022). Here, however, the Court is unable to determine whether the ALJ's failure to clarify the inconsistency in the VE's testimony was, in fact, harmless. It is not clear whether the VE testified that Plaintiff could or could not do jobs with occasional interactions with others because he gave obviously conflicting testimony which was not clarified nor explained. *See, e.g.*, *Smith v. Astrue*, 961 F. Supp. 2d 620, 658 (D. Del. 2013) ("In order to affirm the ALJ's decision in this regard, the Court would have to speculate as to the intent and meaning of the VE's testimony in certain key areas. This the Court cannot do, and thus it cannot find that substantial evidence supports the ALJ's decision in this regard."); *Bell v. Kijakazi,* No. 20-589, 2021 WL 3419677, at *2 (W.D. Pa. Aug. 5, 2021) (remanding where the "basis for [the VE's] testimony regarding frequent reaching positions unclear").

It is further unclear which VE testimony the ALJ relied on in reaching his conclusion at Step Five—it very well may be that the VE's initial testimony was consistent with the DOT and the ALJ relied on that testimony to conclude that there was work in the national economy that Plaintiff could perform but this Court cannot speculate or make such assumptions. *See Zuschlag v. Comm'r of Soc. Sec.*, No. 18-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation.").

Given the uncertainty as to the VE's testimony and the ALJ's reliance thereon, the Court does not believe application of the harmless error doctrine is appropriate. Thus, for all these reasons, this Court finds that remand is warranted to clarify the ALJ's basis for his Step Five findings and, pursuant to SSR 00–4p, address the inconsistency in the VE's testimony.[2]

## V.   CONCLUSION

For the foregoing reasons, the Acting Commissioner's final decision is **VACATED** and this matter **REMANDED** for proceedings consistent with this Opinion. An appropriate Order will be entered.

**Christine P. O'Hearn**
**United States District Judge**

---

[2] Because the Court concludes that this matter must be remanded for further consideration of the ALJ's Step Five findings, the Court need not consider remaining claims that Plaintiff makes on appeal.